**UNITED STATES, Appellee,**

v.

**Private (E–1) Larry MARTINEZ, Junior,
SSN 453–33–3503, United States
Army, Appellant.**

**SPCM 16890.**

U. S. Army Court of Military Review.

11 Aug. 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Major Robert C. Rhodes, JAGC, and Captain Michael T. Kelly, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Richard P. Laverdure, JAGC, and Captain Michael R. Smythers, JAGC, were on the pleadings for appellee.

Before MILLER, KUCERA and BADAMI, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

Appellant contends that his plea of guilty to assaulting a military police officer with an aerial antenna on 11 July 1981 is improvident.

Regarding this assault, appellant bases his claim of improvidency on the failure of the military judge to apprise him of or inquire into the limited defense of voluntary intoxication and the military judge's failure to develop a sufficient factual basis for appellant's belief that he committed the offense.

During the inquiry into his plea, appellant told the military judge that he "had been drinking pretty heavy and there was a witness there that told me I had done so...."[1] That witness was a Sergeant Horner, a person appellant believed would not lie since he had no reason to do so. No other information with respect to this offense was elicited from appellant or any other source during the military judge's inquiry into appellant's plea.

Under the circumstances of this case, we do not believe the military judge's inquiry was adequate. See United States v. Care, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). Whereas an element of the offense was the appellant's knowledge, at the time of the assault, that the victim was a military police officer in the execution of his duties, and where the possibility of an affirmative defense exists (voluntary intoxication) and appellant further claims no knowledge or recollection of the incident but bases his belief of guilt solely on the statement of a bystander,[2] we believe the military judge was required to conduct a further inquiry to assure appellant's plea was informed and knowledgeable and that a sufficient factual basis existed to establish that the appellant entertained the particular state of mind required and otherwise support appellant's belief that he was guilty. The military judge's failure to do so was error.

We have considered appellant's other assigned errors and deem them to be without merit.

For the reasons indicated above, the findings of guilty of Additional Charge I and its

---

1. The "done so" apparently refers to the alleged assault on the military police officer.

2. This statement by Sergeant Horner was apparently made to appellant only since neither the record of trial nor the allied papers contain any written statement or testimony by Horner.

Specification are set aside and, in the interest of judicial economy, are ordered dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the sentence as approved by the convening authority is affirmed.